MARSHALL C. WALLACE (BAR NO. 127103)
KEITH D. YANDELL (BAR NO. 233146)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, California  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  mwallace@allenmatkins.com
         kyandell@allenmatkins.com

Attorneys for Defendant
WELLS FARGO BANK, BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JOSEPH MURPHY, an individual; RONALD JEFFERSON, an individual; CINDY MYERS JOSEPH, an individual; HENRY NG, an individual; JOSEPH NOVAK, an individual; BYRON OLSON, an individual; ERIC OLSON, an individual; EDWIN PACULT, an individual; LEOPOLDO PANTALEON, an individual; PATRICIA PASCHAL, an individual; RENATO PASCUAL, an individual; MELODY POZGAY, an individual; SALVADOR PULIDO, an individual; MICHAEL RATLIFFE, an individual; STEPHEN RAUWOLF, an individual; PHANIEL RIGAUD, an individual; LUIS RODRIGUEZ, an individual; APRIL RUCKER, an individual; HASIM HASMIC SABANIC, an individual; AHMED SABEIH, an individual COLLEEN SAN DIEGO, an individual; MARIO SANCHEZ, an individual; SAEED SHAFA, an individual; VIPUL SHAH, an individual; TIMOTHY SHANNON, an individual; MARK SHEREDY, an individual; DOUG SMITH, an individual; ROY SPURGEON, an individual; JULIE STOROVICH, an individual; DONNA STRANAHAN, an individual; JESSE SUCHON, an individual; TEVON TAYLOR, an individual; LAVARRO TAYLOR, an individual; | Case No. 2:14-CV-1444-RGK-SH<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S MEMORANDUM REGARDING RECENT DECISION IN THE RELATED CASE *GARNER V. WELLS FARGO BANK, N.A.***<br><br>Date:  April 7, 2014<br>Time:  9:00 a.m.<br><br>Ctrm:  850<br>       255 East Temple Street<br>       Los Angeles, California<br><br>Judge:  Hon. R. Gary Klausner |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

816841.01/SD

| | |
|---|---|
| 1 | ANTHONY TEBELSKIS, an individual; |
| | ALFRED TEDESCO, an individual; |
| 2 | CRAIG TERRY, an individual; |
| | ANGELITA L. TIONGCO, an |
| 3 | individual; |
| | DARLENE TRENIER, an individual; |
| 4 | VALERIE TRUJILLO, an individual; |
| | EFERM URIE, an individual; |
| 5 | HASTINGS UYESHIRO, an individual; |
| | LEISA A. VALLO, an individual; |
| 6 | ARMANDO VASQUEZ, an individual; |
| | CELESTE VIGER, an individual; |
| 7 | ELISEO VILLA, an individual; |
| | ROBERT WALKER, an individual; |
| 8 | LENORE WALKER, an individual; |
| | RONALD EVANS WASHINGTON, an |
| 9 | individual; |
| | JEFFREY WAUGH, an individual; |
| 10 | BRADLEY WEST, an individual; |
| | ANNE WILLIAMS, an individual; |
| 11 | DARRELLL WILLIAMS, an individual; |
| | YVETTE WILLIAMS, an individual; |
| 12 | MARIANNE WILLMS, an individual; |
| | ALLISON WRIGHT, an individual; |
| 13 | ALTON WRIGHT, an individual; |
| | VERNA YANCY, an individual; |
| 14 | ANTONIUS ZERVAKIS, an individual; and |
| 15 | ROBERT ZYGOWICZ, an individual, |
| 16 | Plaintiffs, |
| 17 | vs. |
| 18 | WELLS FARGO BANK, N.A., a California corporation; and DOES 1 |
| 19 | through 25, inclusive, |
| 20 | Defendants. |

1  Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits this
2  Memorandum in further opposition to Plaintiffs' Motion to Remand (Dckt. No. 13)
3  to notify the Court that today, April 1, 2014, in the related case *Garner v.*
4  *Wells Fargo Bank, N.A.*, Case No. 14-01421-BRO (VBKx) ("*Garner*"),
5  Judge Beverly Reid O'Connell, denied a substantially similar motion to remand
6  brought by Plaintiffs' attorneys – the Real Estate Law Center – in an identical case.
7  *See* Order Denying Plaintiffs' Motion to Remand ("Order") attached hereto as
8  **Exhibit A**.
9  Judge O'Connell's decision provides additional support for the denial of
10 Plaintiffs' Motion to Remand.  Specifically, Judge O'Connell found that Wells Fargo
11 was a citizen of South Dakota only and, therefore, "the law empowered Wells Fargo
12 to invoke the court's diversity jurisdiction subject to the amount in controversy."
13 Ex. A, p. 4.
14 Judge O'Connell further found that the amount in controversy requirement
15 was satisfied.  As here, the *Garner* plaintiffs specifically disclaimed any monetary
16 damages greater than $75,000 and, therefore, claimed the amount in controversy
17 requirement was not met. *Id*. at p. 4.  Judge O'Connell rejected that argument
18 because, as here, the plaintiffs sought injunctive relief and attorney's fees. *Id*.
19 ("Here, Plaintiffs are seeking to enjoin Wells Fargo from collecting payments on
20 existing residential home loans, the amount of which far exceeds the $75,000
21 threshold.").
22 If Judge O'Connell declines transfer of this case, the Court should honor
23 Judge O'Connell's ruling in *Garner* and deny Plaintiffs' motion to remand.

Dated:  April 1, 2014

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:  */s/ Keith D. Yandell*
KEITH D. YANDELL
Attorneys for Defendant
WELLS FARGO BANK, N.A.

# EXHIBIT A

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-01421- BRO (VBKx) | Date | April 1, 2014 |
|---|---|---|---|
| Title | TROY GRANER, ET AL. v. WELLS FARGO BANK N.A., ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

Currently pending before the Court is Plaintiffs' motion to remand for lack of subject matter jurisdiction. (Dkt. No. 15). After considering the papers filed in support of and in opposition to the instant motions, the Court concludes these matters are appropriate for resolution without oral argument of counsel. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. For the following reasons Plaintiffs' motion to remand is DENIED.

## I. BACKGROUND

On January 27, 2014, Plaintiff Troy Graner and 59 other individuals filed suit in Superior Court for the State of California, Los Angeles County. (Dkt. No.1, Ex. D.) Plaintiffs are all individuals residing within the United States, but not in South Dakota. (*See, e.g.,* Dkt. No.1 at ¶¶ 20-79.) Plaintiffs' claims center upon Wells Fargo, N.A.'s servicing of home loans. Specifically, plaintiffs allege that Wells Fargo engaged in a "systematic scheme to defraud homeowners (including Plaintiffs) out of money in the form of purported monthly loan payments" securing real property. (Dkt. No. 1, Ex. D at ¶ 2.) Plaintiffs also seek attorney's fees and injunctive relief against Wells Fargo. (Dkt. No. 1, Ex. D at ¶ 193.) On February 25, 2014, Wells Fargo removed the case to this Court. Wells Fargo invokes this Court's jurisdiction based upon diversity jurisdiction and federal question jurisdiction, specifically 12 U.S.C. § 2605 *et seq.* ("RESPA"), and the Class Action Fairness Act of 2005 ("CAFA"). (Dkt. No. 19.) Plaintiffs counter claiming that this matter was improperly removed as there is neither diversity nor federal question jurisdiction. (Dkt. No. 15.)

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 14-01421- BRO (VBKx) | Date | April 1, 2014 |
|---|---|---|---|
| Title | TROY GRANER, ET AL. v. WELLS FARGO BANK N.A., ET AL. | | |

## II.  LEGAL STANDARD

Whether a defendant may rightfully remove a case from a state court to a federal district court is entirely governed by statutory authorization by Congress.  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979.)  Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court complaint.  Because federal courts are courts of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Pursuant to 28 U.S.C. § 1331, a federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 28 (1983).  Because a defense is not part of a plaintiff's properly pleaded claim, *see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987), jurisdiction may not properly be based on an anticipated defense created by federal law, *see Franchise Tax Bd.*, 463 U.S. at 14.  Accordingly, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."  *Franchise Tax Bd.*, 463 U.S. at 14.

Original jurisdiction may also be established pursuant to 28 U.S.C. § 1332.  Under § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and" the dispute is between "citizens of different states."  The Supreme Court has interpreted the statute to require "complete diversity of citizenship," meaning it requires "the citizenship of each plaintiff [to be] diverse from the citizenship of each defendant."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-01421- BRO (VBKx) | Date | April 1, 2014 |
|---|---|---|---|
| Title | TROY GRANER, ET AL. v. WELLS FARGO BANK N.A., ET AL. | | |

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction"; "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). As such, the removing party bears a heavy burden of establishing proper removal to and original jurisdiction in the district court in order to rebut the strong presumption against removal jurisdiction. *See id.*

## III. DISCUSSION

In their motion to remand, Plaintiffs contend that subject matter jurisdiction is lacking because the parties are not entirely diverse. (Pls.' Mot. 12.) Specifically, Plaintiffs assert that they are citizens of California and that Defendant Wells Fargo Bank N.A. is as well. Defendants counter that a national banking association is a citizen only where its main office is located, which in this case is South Dakota. For the following reasons, the Court agrees with Defendant.[1]

Under the diversity jurisdiction statute, a corporation is regarded as a citizen of the state where it is incorporated as well as the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is determined by one of two tests: (1) the "place of operations" test; or (2) the "nerve center" test. *Davis v. HSBC Bank Nevada N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009). Under the first test, a corporation is a citizen in the state where there is a "substantial predominance of corporation operations." *Id.* (internal quotation marks omitted). "[W]hen a corporation has operations spread across many states, the nerve center test is usually the correct approach." *Id.* at 1029. A corporation's nerve center is the location "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

A national banking association, however, is not organized under any state's incorporation laws. And the citizenship test for national banking associations is different than it is for corporations. *See* 28 U.S.C. § 1348. Under § 1348, "[a]ll national banking

---

[1] Because the Court agrees with Defendant that it is a citizen of South Dakota and the amount in controversy has been met, it need not reach the issues regarding federal question jurisdiction at this juncture.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-01421- BRO (VBKx) | | Date | April 1, 2014 |
|---|---|---|---|---|
| Title | TROY GRANER, ET AL. v. WELLS FARGO BANK N.A., ET AL. | | | |

associations shall . . . be deemed citizens of the States in which they are respectively located." The Ninth Circuit recently addressed this issue in *Rouse v. Wachovia Mortgage, F.S.B., a division of Wells Fargo Bank, N.A.*, 2014 WL 1243869 (9th Cir. Mar. 27, 2014). In *Rouse*, the court examined the citizenship of Wells Fargo under 28 U.S.C. § 1348. "We hold that, under § 1348, a national banking association is a citizen only of the state in which its main office is located." *Rouse*, 2014 WL at *7. The Court concluded that Wells Fargo was not a citizen of California as urged by plaintiffs. In contrast, the court held that Wells Fargo was a citizen of South Dakota only. *Rouse,* 2014 WL at *7 ("Wells Fargo is a citizen only of South Dakota, where its main office is located . . ..") Therefore, the law empowered Wells Fargo to invoke the court's diversity jurisdiction subject to the amount in controversy.

Plaintiffs specifically disclaim any monetary damages greater than $75,000. (Dkt. No. 1, Ex. D at ¶¶ 149, 156, 165, 171, 181, 192.) However, the Court's inquiry does not end there. Yet, the Court need not calculate the specific amount sought as to each loan because plaintiffs also seek injunctive relief and attorney's fees. (Dkt. No. 1, Ex. D at ¶¶ 180, 193.) When assessing the amount in controversy as it relates to injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1977). "The value of an injunction may not be capable of precise determination, but precision is not required." *Luna v. Kemira Specialty, Inc.*, 575 F.Supp.2d 1166, 1173 (C.D. Cal. 2008)(quoting *Mailwaukee Mailing, Shipment and Equipment, Inc. v. Neopost, Inc.,* 259 F.Supp.2d 769, 772 (E.D.Wis.2003) (citing *Hedberg v. State Farm Mut. Auto. Ins. Co.,* 350 F.2d 924, 929 (8th Cir.1965) ("[A]lthough injury in an injunction suit may not be capable of exact valuation in money, this fact of itself does not negative federal jurisdiction")). Here, Plaintiffs are seeking to enjoin Wells Fargo from collecting payments on existing residential home loans, the amount of which far exceeds the $75,000 threshold. *Rosas v. Carnegie Mortgage, LLC,* 2012 WL 1865480 at *5 (C.D. Cal. 2012). [2]

---

[2] The Court need not determine the precise amount of attorney's fees sought in this matter in calculating the amount in controversy because the value of the loans far exceed $75,000. Nonetheless, attorney's fees sought and authorized pursuant to statute may be included in the calculation. See *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1110 (N.D. Cal. 2002).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-01421- BRO (VBKx) | Date | April 1, 2014 |
|---|---|---|---|
| Title | TROY GRANER, ET AL. v. WELLS FARGO BANK N.A., ET AL. | | |

     In this case then, complete diversity exists. Plaintiffs are citizens of various states, but not South Dakota. Wells Fargo is a citizen of South Dakota. The amount in controversy exceeds $75,000. Therefore, Wells Fargo properly invoked this Court's diversity jurisdiction.

### IV. CONCLUSION

     Accordingly, Plaintiffs' Motion to Remand is hereby DENIED.

     The hearing set for Monday, April 7, 2014 is VACATED.

     **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |